UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-62150

**MILTON BERNARD,**

    Plaintiff,

v.

**AUTOMAX,**

    Defendant.

_____/

## REPORT AND RECOMMENDATION

THIS MATTER was assigned to the undersigned United States Magistrate Judge pursuant to Administrative Order 2025-11. However, because I find that dismissal of this case is warranted now (at the screening stage), and because I do not presently have authority to issue a dispositive order, I am issuing a Report and Recommendation. I have separately entered an order directing the Clerk to randomly reassign this case to a District Judge of this Court. For the following reasons, I respectfully **RECOMMEND** that this action be **DISMISSED without prejudice**.

On October 23, 2025, Plaintiff filed his Complaint [DE 1] in this action as well as an Application to Proceed in District Court Without Prepaying Fees or Costs [DE 3]. Because Plaintiff sought leave to proceed *in forma pauperis*, the screening provisions of 28 U.S.C. § 1915(e) apply here. Under that statute, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

*Pro se* pleadings are liberally construed and held to "less stringent standards" than pleadings drafted by attorneys. *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020). "Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014). Moreover, *pro se* litigants (like all litigants) are required to comply with procedural rules.[1] That includes Rule 8 of the Federal Rules of Civil Procedure, which requires that a complaint contain: "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). Although Rule 8(a) does not require "detailed factual allegations," it does require "more than labels and conclusions"; a "formulaic recitation of the cause of action will not do." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level" and must be sufficient "to state a claim for relief that is plausible on its face." *Id.* at 555, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff is a serial filer. Since 2021, he has filed 25 cases in this district. All of Plaintiff's cases appear to have been dismissed on screening (aside from the few pending cases that Plaintiff

---

[1] *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) ("[A]lthough [courts] are to give liberal construction to the pleadings of pro se litigants, '[courts] nevertheless have required them to conform to procedural rules.'" (citing *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002))).

filed on the same day as this case). While the outcome of Plaintiff's prior cases in no way dictates or influences the outcome of this case, a review of Plaintiff's Complaint in this case shows that this case is subject to dismissal for the same reasons that other cases Plaintiff has filed have been dismissed.

First and foremost, the Complaint should be dismissed for lack of subject matter jurisdiction.[2] In the Complaint, Plaintiff alleges that this Court has jurisdiction under 28 U.S.C. § 1331,[3] which states that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." But the Complaint does not include any factual allegations that even suggest this action arises under the Constitution, laws, or treaties of the United States. Rather, in the portion of his Complaint that says to "[l]ist the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case," Plaintiff lists the following: (1) "Brain hacking federal technology"; (2) "Cellphone hacking federal technology"; (3) "Hate crimes"; (4) "Felony crimes"; (5) "Stalking crimes"; and (6) "Privacy violation hacking crimes utilizing federal tech." [DE 1] at 3. Needless to say, Plaintiff's fanciful jurisdictional allegations fail to establish that this Court has jurisdiction under 28 U.S.C. § 1331.

---

[2] Significantly, "[t]he burden for establishing federal subject matter jurisdiction rests with the party bringing the claim." *Williams v. Poarch Band of Creek Indians*, 839 F.3d 1312, 1314 (11th Cir. 2016) (quoting *Sweet Pea Marine Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005)). "If the plaintiff fails to shoulder that burden, the case must be dismissed." *Id.* (citing *In re Trusted Net Media Holdings, LLC*, 550 F.3d 1035, 1042 (11th Cir. 2008)); *see also* Fed. R. Civ. P. 12(h)(3) (""If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *McIntosh v. Royal Caribbean Cruises, Ltd.*, 5 F.4th 1309, 1313 (11th Cir. 2021) ("If subject-matter jurisdiction does not exist, dismissal must be without prejudice." (citation omitted)).

[3] Plaintiff makes clear that he is not alleging this Court has jurisdiction under 28 U.S.C. § 1332, as he expressly alleges that the amount in controversy is less than $75,000. [DE 1] at 4.

The limited factual allegations in the Complaint – liberally construed – likewise fail to indicate that Plaintiff can state any claim over which this Court would have jurisdiction. In fact, Plaintiff's bizarre allegations show that this action would be subject to dismissal for failure to state a claim upon which relief can be granted (in the alternative to dismissal for lack of subject matter jurisdiction). The only potential hint of any possible claim is Plaintiff's allegation that he purchased a car that broke down a few blocks away from the dealership after Plaintiff purchased the car. [DE 1] at 4. But the Complaint then proceeds to allege that Defendant's employees somehow stole Plaintiff's car insurance policy money. Though unclear, Plaintiff seems to be alleging that this may have been accomplished through "brain and cellphone hacking crimes on" Plaintiff "utilizing federal tech." *Id.* At any rate, none of Plaintiff's allegations come close to plausibly alleging any claim,[4] and certainly not one over which this Court would have jurisdiction. Therefore, this action should be dismissed without prejudice.

## CONCLUSION

For the reasons discussed above, I respectfully **RECOMMEND** that this action be **DISMISSED without prejudice** and that all pending motions be denied as moot.[5]

---

[4] *Cf. Bernard v. McDonald's Restaurant*, No. 21-cv-62512-Cohn, ECF No. 4, at 2 (S.D. Fla. Jan. 7, 2022) ("The Complaint contains no discernable facts supporting a claim for relief. Plaintiff asserts that he was discriminated against during an interview at McDonald's 'with the cellphone video footage.' He explains that his coworkers are 'cellphone hackers and brain hackers on me that are racist white and Hispanic people.' These nonsensical statements do not permit the Court to infer that Defendant is liable for the misconduct alleged." (internal citations omitted)).

[5] *See Bernard v. Progressive Corp.*, No. 21-cv-62511-RAR, ECF No. 4, at 3 n.1 (S.D. Fla. Dec. 17, 2021) ("Ordinarily, this Court would grant a *pro se* litigant at least one opportunity to amend a complaint before dismissal. But here, the Court finds that amendment would be futile because the Complaint fails to state a plausible claim for relief, contains no coherent jurisdictional allegations whatsoever, and does not even approximate an actionable claim.").

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with this Court.[6] Failure to timely file objections shall bar the parties from a *de novo* determination by a District Judge of this Court of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice.  *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 24th day of October 2025.

*Jared Strauss*
Jared M. Strauss
United States Magistrate Judge

---

[6] As set forth in Rule 4(b) of the of the Magistrate Judge Rules of this Court's Local Rules:

> Any party may object to a Magistrate Judge's proposed findings, recommendations or report under subsections 1(d), (e), and (f) of these rules, supra, within fourteen (14) days after being served with a copy thereof, or within such other time as may be allowed by the Magistrate Judge or District Judge. Such party shall file with the Clerk of the Court, and serve on all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made, the specific basis for such objections, and supporting legal authority. . . . A District Judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.